| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

U.S. BANK TRUST COMPANY, §
NATIONAL ASSOCIATION, as §
trustee, as successor-in-interest to U.S. §
Bank National Association, as §
indenture trustee for the holders of the § CIVIL ACTION NO. 1:24-CV-519-MAC
CIM Trust 2020-R6, mortgage-backed §
notes, Series 2020-R6, §
 §
*Plaintiff*, §
 §
versus §
 §
MELONIE GODEAUX, JOSHUA §
GODEAUX, JUSTIN GODEAUX, §
WINTER FERRARO, HAYLEY §
GODEAUX, and TAMATHA §
HAYNES, as guardian of K.G., a §
minor, §
 §
*Defendants*. §

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case concerns the ownership of real property located at 580 East Tram Road, Vidor, Texas 77662 ("the Property"). (#1, ¶ 10.) On December 23, 2024, Plaintiff U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank National Association, as indenture trustee for the holders of the CIM Trust 2020-R6, mortgage-backed notes, Series 2020-R6, filed suit against Defendants, alleged heirs to decedents Gloria D. Godeaux and Patrick V. Godeaux, the gravamen of which is Plaintiff U.S. Bank Trust Company's request to be declared the rightful owner of the Property in order to proceed with a foreclosure sale pursuant to a Loan Agreement executed by decedents. *See* (#1.) The court

referred (#11) this case to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters.  *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On May 28, 2025, the magistrate judge entered a Report and Recommendation (#30) advising the court to grant Plaintiff U.S. Bank Trust Company's Motion for Default Judgment as to Defendants Justin Godeaux and Hayley Godeaux (#26).  Objections to the report were due June 11 and 16, 2025.  To date, the parties have not filed objections to the report.  The court received and considered the Report and Recommendation of the United States Magistrate Judge pursuant to such referral, along with the record, pleadings, and all available evidence.  After careful review, the court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct.

Accordingly, the Report and Recommendation of the United States Magistrate Judge (#30) is **ADOPTED**.  Plaintiff U.S. Bank Trust Company's Motion for Default Judgment as to Defendants Justin Godeaux and Hayley Godeaux (#26) is **GRANTED**.  In so doing, however, the court will not declare Plaintiff U.S. Bank Trust Company's entitlement to an undetermined award of attorney's fees and costs, as is requested in its motion. (#26, ¶ 18.)  Plaintiff U.S. Bank Trust Company's claims against Defendant Joshua Godeaux remaining pending and the court will not enter final judgment in this case until all claims are fully resolved.  At that time, Plaintiff U.S. Bank Trust Company may file a separate application for attorney's fees with any motion requesting final judgment.  Plaintiff U.S. Bank Trust Company's application for attorney's fees should establish the amount of the reasonable and necessary attorney's fees and costs that it has incurred, with supporting evidence, based on an acceptable method for calculating attorney's

fees under the Loan Agreement at issue in this case and in accordance with the case law of this circuit.

Furthermore, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) That the material allegations of the Original Complaint be and are deemed admitted as to Defendants Justin Godeaux and Hayley Godeaux;

(2) That an event of default has occurred on that certain Disclosure Statement, Note, and Security Agreement in the principal amount of $42,336.91 (the "Note"), executed by Decedents Gloria D. Godeaux and Patrick V. Godeaux ("Borrowers");

(3) That the Deed of Trust Secured by Homestead executed by the Borrowers (the "Security Instrument," and together with the Note, the "Loan Agreement") and recorded in the Official Public Records of Orange County, Texas as Document No. 319607, provides Plaintiff U.S. Bank Trust Company as the current owner of the Note and mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 580 East Tram Road, Vidor, Texas 77662, and more particularly described as follows:

> a. FIELD NOTES FOR THE WEST 1/2 OF THAT LAND DESCRIBED IN VOLUME 444 PAGE 340, DEED RECORDS OF ORANGE COUNTY, TEXAS. BEING THE WEST ONE-HALF OF THAT CERTAIN ONE ACRE TRACT OUT OF THE GEORGE LOCKS ESTATE, ET AL, SUBDIVISION OF T. H. BREECE SURVEY, A-3, ORANGE COUNTY, TEXAS, AS RECORDED IN VOLUME 444

3

PAGE 340 DEED RECORDS OF ORANGE COUNTY TEXAS AND BEING DESCRIBED BY METES AND BOUNDS AS FOLLOWS: COMMENCING AT THE NORTHWEST CORNER OF THE 150 ACRE LOCKE ESTATE TRACT, IN THE NORTH LINE OF THE T. H. BREECE SURVEY, A-3: THENCE EAST 530 FEET TO THE EAST SIDE OF THE OLD VIDOR EVADALE ROAD: THENCE SOUTH 10 DEGREES 02 MINUTES EAST 40 FEET TO THE SOUTH EDGE OF TRAM ROAD: THENCE EAST WITH THE SOUTH EDGE OF SAID TRAM ROAD 2603 FEET TO THE NORTHWEST AND BEGINNING CORNER OF THE TRACT HEREIN DESCRIBED, SAME BEING THE NORTHEAST CORNER OF THE R. L MILLER TRACT: THENCE SOUTH 222 FEET, (218 CALLED) TO AN IRON ROD FOR CORNER: THENCE EAST 100 FEET TO AN IRON ROD FOR CORNER: THENCE NORTH 222 FEET, (218 CALLED) TO AN IRON ROD FOR CORNER IN THE SOUTH LINE OF TRAM ROAD: THENCE WEST 100 FEET TO THE POINT OF BEGINNING, CONTAINING 0.51 ACRES (0.50 CALLED);

(4) That Plaintiff U.S. Bank Trust Company is the current legal owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff U.S. Bank Trust Company is also a mortgagee as that term is defined in Section 51.0001(4) of the Texas Property Code;

(5) Plaintiff U.S. Bank Trust Company has an enforceable and superior lien against any interest by Defendants Justin Godeaux and Hayley Godeaux in the Property;

(6) That the following are secured by the Security Interest on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest at the Note interest rate of 12.50%; post-judgment interest at the Note interest rate of 12.50%; and costs of court;

(7) That Plaintiff U.S. Bank Trust Company, or its successors or assigns, may proceed with non-judicial foreclosure of Defendants Justin Godeaux's and Hayley Godeaux's interests in the Property as provided in the Security Instrument and Section 51.002 of the Texas Property Code;

(8) That should Plaintiff U.S. Bank Trust Company proceed with foreclosure on the Property then the purchaser at the foreclosure sale will be vested with all of Defendants Justin Godeaux's and Hayley Godeaux's interest, rights, and title in the Property;

(9) That Plaintiff U.S. Bank Trust Company may further communicate with Defendants Justin Godeaux and Hayley Godeaux, and all third parties reasonably necessary to conduct the foreclosure sale;

(10) That all costs are to be taxed against Defendants Justin Godeaux and Hayley Godeaux as a further obligation of the debt, and not as a personal judgment against Defendants Justin Godeaux and Hayley Godeaux;

(11) That all claims between Plaintiff U.S. Bank Trust Company and Defendants Justin Godeaux and Hayley Godeaux are fully resolved.  Plaintiff U.S. Bank Trust

Company's claims against remaining Defendants are still pending before the court.

**Signed this date**

**Jun 18, 2025**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE